THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRED D. BEALE, Defendant.

Supreme Court, Broome County, January 7, 1928.

Crimes — immunity — motion to dismiss indictment for forgery based on facts arising out of defendant's connection with corporation — after indictment, defendant was examined by Attorney-General in proceedings under General Business Law, art. 23-A — Attorney-General granted defendant absolute immunity under General Business Law, § 359 — defendant cannot be prosecuted upon charge involving facts brought out on hearing.

The defendant was indicted for forgery in the second degree, based on a charge that he forged the name of the payee of a check made by a corporation of which the defendant was an officer. Defendant's guilt involves the question of his authority as an officer and his dealings with the company. After the indictment the Attorney-General instituted a proceeding under article 23-A of the General Business Law to investigate the affairs of the corporation, called the defendant as a witness, and, acting under the authority of section 359 of the General Business Law, granted to the defendant absolute immunity with reference to anything that he might testify to on the hearing. Such an immunity granted extends not only to the use of defendant's testimony against him in a criminal case, but prevents his prosecution upon any charge involving any of the facts which were discovered as a result of information furnished by his testimony.

There is no force in the contention of the district attorney that the only effect of the immunity statute is to prevent subsequent indictment or prosecution. The statute applies not only to prosecutions on subsequent indictments but also to prosecutions on existing indictments.

Since the examination of the defendant by the Attorney-General operated as a bar to any prosecution under the indictment, that indictment must be dismissed and the defendant discharged.

MOTION by defendant to dismiss an indictment which was returned sealed against him by the grand jury of the county of Broome at a term of Supreme Court held in May, 1926.

*U. C. Lyons, District Attorney,* for the plaintiff.

*Mangan & Mangan,* for the defendant.

RHODES, J. The indictment charges the defendant with forgery in the second degree in that he forged the name of Laverne Chase upon the back of a check made by the Mobinco Brokerage Com-

pany, Inc., payable to the order of said Chase. The defendant was the president of the said company from the time of its incorporation about the year 1924, at least until the time that the defendant left Binghamton in September, 1925. Obviously the question of defendant's guilt under said indictment involves the question as to his authority as president, his dealings with the company, and many facts and circumstances relative to its affairs. After the indictment was returned, and on the 2d day of July, 1926, the defendant was brought to Binghamton from the State Prison at Auburn where he was confined under a conviction of grave robbing, and was examined at length concerning the affairs of said brokerage company by Deputy Attorney-General Richard T. Anderson, representing the Attorney-General of the State of New York in an investigation of the affairs of the said brokerage company conducted pursuant to the authority of article 23-A of the General Business Law (added by Laws of 1921, chap. 649, as amd.), which said article relates to fraudulent practices in respect to stocks, bonds and other securities and commodities. As soon as said defendant was sworn, the said Deputy Attorney-General stated to him as follows: " Mr. Beale, the State of New York, through the Attorney-General, wishes to examine you about certain matters pertinent and relevant to the affairs of the Mobinco Brokerage Company, Inc. Now I shall ask you a great many questions, and if you answer any of these questions, whether you think they incriminate you or not, the State of New York will give you complete immunity from use of any information which you may give here or in any other place, whether before a Grand Jury or in the trial of any indictment. Anything you say here will be privileged, and if you answer fairly and fully you need have no fear that you may incriminate yourself by the use of these proceedings anywhere. It is upon that understanding that you are being examined."

Thereupon the examination proceeded and the defendant testified at great length concerning the affairs of said company.

Section 359 of said article 23-A of the General Business Law (added by Laws of 1921, chap. 649, as amd. by Laws of 1926, chap. 617) is as follows:

" § 359. Immunity. If any person shall ask to be excused from testifying or producing any book, paper or other document before the attorney-general or his deputy, or other officer designated by him, or before any court, or magistrate, or referee, upon any trial, investigation or proceeding initiated by the attorney-general, district attorney, grand jury or court pursuant to the provisions

of this article upon the ground or for the reason that the testimony or evidence, documentary or otherwise required of him may tend to incriminate him or to convict him of a crime or to subject him to a penalty or forfeiture, and shall notwithstanding be directed by the court, referee, magistrate or officer conducting the inquiry to testify or to produce such book, paper or document, he must none the less comply with such direction but in such event he shall not thereafter be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may testify or produce evidence, documentary or otherwise, pursuant thereto and no testimony so given or produced shall be received against him upon any criminal action, suit or proceeding, investigation, inquisition or inquiry.

" Provided, however, no person so testifying shall be exempt from prosecution or punishment for any perjury committed by him in his testimony given as herein provided for, nor shall immunity apply to corporations or to the officers' as such."

In the absence of such a statute, the defendant, if forced to testify, would be entitled to immunity under the provisions of section 6 of article I of the Constitution of the State of New York, which provides in substance that no person shall be compelled in any criminal case to be a witness against himself. Such immunity would extend not only to the use of his testimony against him in any criminal case, but it would prevent his prosecution upon any charge involving any of the facts which might be discovered as a result of information furnished by his testimony. (See *People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253.)

Therefore, the immunity granted by said section 359 of the General Business Law to be effective must be as broad as the requirements of the said provision of the Constitution. Otherwise the defendant is not completely protected nor given complete immunity and was not obliged to testify. Thus the evident purpose of said section 359 is to grant full and complete immunity to a person examined as a witness.

Having in mind the constitutional requirements, I think the statute must be held to mean exactly what it says, which is to the effect that if a witness shall be required to testify, " he shall not thereafter be *prosecuted or subjected to any penalty or forfeiture* for or on account of any transaction, matter or thing concerning which he may testify or produce evidence, documentary or otherwise, pursuant thereto   *   *   *."

Upon the hearing of this application, the attorneys for the respective parties apparently were in agreement that the examination of the defendant by the Deputy Attorney-General would

bar any subsequent indictment or prosecution involving the matters concerning which the defendant was examined. The district attorney, however, suggests that there is a distinction between such a situation and one where the indictment was returned before the examination made pursuant to the statute. I am not able to find any reason for such distinction. The statute prohibits the prosecution of any person for any matter concerning which he may have been examined as a witness. If it were permissible for an indictment to be returned against a defendant and thereafter to examine him pursuant to the authority of the statute without granting him immunity; the purpose and intent of the statute would be evaded and the defendant would be deprived of his constitutional right to such immunity. I think the examination of the defendant operated as a bar both as to any prosecutions under indictments returned previous to such examination, and indictments subsequently returned.

The defendant's motion should be granted and the indictment dismissed and defendant discharged from custody thereunder.